IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,378-01






EX PARTE THOMAS WAYNE SUTTON, II, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W06-44071-R(A) IN THE 265TH JUDICIAL DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to burglary of a
habitation, and was sentenced to twelve years' imprisonment. He did not appeal his conviction.

 Applicant contends that his trial counsel rendered ineffective assistance because she
incorrectly advised Applicant as to the consequences of his plea. Specifically, Applicant alleges that
counsel told him he would be out on parole within a year if he pleaded guilty to this offense and
three other offenses pursuant to a plea agreement, and that he would be sentenced to 25 to 99 years
if he did not plead guilty pursuant to the agreement. The habeas record does not contain copies of
the charging instrument, the plea papers, or the judgment from this charge or the other charges to
which Applicant pleaded guilty. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with copies of the charging
instrument, the plea documents, and the judgment in this cause. The trial court shall then make
findings of fact as to whether parole eligibility was an affirmative part of the plea agreement in this
case. The trial court shall also make findings as to what the applicable punishment range for this
offense was, as charged, and as to whether Applicant was properly admonished as to the applicable
punishment range prior to entering his plea. The trial court shall make findings as to whether the
performance of Applicant's trial attorney was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: August 20, 2008

Do not publish